SAVOIE, Judge.
Plaintiffs, Lee J. Matherne, Jr. and Kenneth L. Matherne, filed a petition entitled “Petition by Creditors to Compel Executrix to Furnish Security.” From the judgment of the trial court dismissing with prejudice plaintiffs’ petition, they appeal. We affirm.
Lee J. Matherne died in September, 1975, leaving a wife and four children of the marriage. Lee J. Matherne died testate, naming his wife, Joyce Dupre Matherne, the testamentary executrix of his estate. Under the terms of the will, the estate was to be placed in trust for the benefit of the children. Mr. Matherne’s widow was to be an income beneficiary until her death or remarriage.[1]
By 1980, very little action had been taken in the succession proceeding. This appeal is the latest in a long series of legal moves made by the parties to this action. Essentially, the two older children, Lee, Jr. and Kenneth, have been pitted against their mother and the two younger children. The resulting animosity led to a series of accusations and counter-accusations, suits and counter-suits, claims and counter-claims.
Finally, on March 8, 1982, the parties entered into a confidential agreement of settlement in an attempt to terminate the controversy and re-establish family rela *242 tionships. Under the agreement, in pertinent part, the parties agreed to compromise all existing law suits; to discharge and release all claims against each other with certain exceptions provided for in the instrument; and to waive, release and compromise all claims for damages whether contractual or delictual against one another. Additionally, the settlement provided for the appointment of a settlement administrator who was to complete the administration of the succession as quickly as possible and place the heirs in possession. Upon completion of the succession and placing the heirs in possession, the succession was to be partitioned. Lee, Jr. and Kenneth Matherne were to exchange all their rights to Superior Casing Crews, Inc. stock in return for cash from the succession.
Although the law suits were dismissed and a settlement administrator was appointed, all problems were not resolved and the succession was not completed. On October 28, 1983, Lee, Jr. and Kenneth Math-erne filed their petition as creditors to compel the executrix to furnish security. They claim to be creditors of the succession under the provisions of the settlement agreement and thus entitled to security under La.C.C.P. art. 3155.
The trial court rendered judgment on February 17, 1984, dismissing with prejudice the petition to compel the executrix to furnish security. The trial court, in written reasons for judgment, held that Lee, Jr. and Kenneth Matherne were not creditors of the succession. Plaintiffs appeal this judgment.
ASSIGNMENTS OF ERROR
Plaintiffs allege that the trial court erred in:
1. refusing to recognize Lee, Jr. and Kenneth Matherne as creditors of the succession;
2. refusing to recognize the confidential agreement of settlement constituted a sale;
3. ruling that the confidential agreement of settlement placed no new charges upon the succession;
4. refusing to apply La.C.C.P. art. 3155 to compel Joyce Dupre Matherne Molony to furnish security in the amount of $5,000,000.00; and
5. failing to order a bond pursuant to La.C.C.P. art. 3154 to protect plaintiffs as forced heirs.
1., 2. and 3.
Plaintiffs argue that the settlement agreement constituted a contract of sale which transformed their status as heirs to that of sellers as to their succession interest in the Superior Casing Crews stock. The sale was suspended until the completion of the administration and placement of the heirs in possession. The obligee of a conditional obligation, pending fulfillment of the condition, may take all lawful measures to preserve his right. La.C.C. art. 2042. Thus, plaintiffs conclude that they are creditors of the succession and as such are entitled to security pursuant to La.C. C.P. art. 3155.
The trial court treated the first three assignments of error in its written reasons for judgment. We concur in the trial court’s findings and incorporate his reasons for judgment into this opinion. The settlement agreement did not create any new rights and obligations between the succession and any party, rather it created new rights and obligations between the parties. The trial court found that the parties “merely contracted among themselves in an effort to bring the succession proceedings to an end and in anticipation of a partition once they are put in possession.”
The trial court further found that even had the settlement agreement given rise to a new charge against the succession, it would be extinguished by confusion. Prior to the settlement agreement, plaintiffs’ rights in and to the estate were as heirs and legatees. If plaintiffs did become creditors as a result of the settlement *243 agreement, the debt would be extinguished by confusion since plaintiffs presented no proof that the portion of the estate they are to receive exceeds the portion they are giving up. See La.C.C. art. 2217 and 1429. Thus, the trial court concluded that even if it found plaintiffs became creditors of the succession under the settlement agreement, their status as creditors ceased to exist simultaneously with its creation.
The trial court was correct in holding that this was not a sale, but rather was an agreement to partition as stated in paragraph 12.5.[2] The partition of a succession is the division of the effects, of which the succession is composed, among all the coheirs, according to their respective rights. La.C.C. art. 1293. Partition is a sort of exchange, which the coheirs make among themselves, one giving up his right in the thing which he abandons for the right of the other in the thing he takes. La.C.C. art. 1382. Here, plaintiffs agreed to abandon their rights in the company stock in exchange for cash. Therefore, the trial court concluded that “the mere fact that the Settlement Agreement mentions an exchange of stock for cash does not change the partition into a sale under the code articles and jurisprudence relied upon by petitioners.”
We note that plaintiffs’ rights under the partition agreement are contingent upon the completion of the succession and the placing of the heirs in possession. Thus, plaintiffs’ rights under the partition agreement are suspended until the fulfillment of those conditions. La.C.C. art. 2043.
These assignments of error are without merit.
4.
Because we do not find that the plaintiffs are creditors of the succession, we also find that they are not entitled to security under La.C.C.P. art. 3155.
Plaintiffs finally contend that they are forced heirs and as such may compel the executrix to furnish security pursuant to La.C;C.P. art. 3154.
We agree that plaintiffs are forced heirs and are thus entitled to compel the executrix to furnish security. We find manifest error in that portion of the trial court’s reasons for judgment which reads, “[parenthetically, it should be noted that petitioners are proceeding herein as creditors rather than as heirs undoubtedly for the simple reason that they have previously compromised their rights as heirs in a “Confidential Agreement of Settlement” dated March 8, 1982, and signed with court approval.”
We find no forfeiture of the plaintiffs’ rights as heirs in the confidential settlement agreement. As previously noted, the only rights which plaintiffs compromised in the settlement agreement related to claims which they had against the other parties, and not those which they have against the succession.
However, examination of the record reveals that the matter was not properly before the trial court either by petition or by expansion of the pleadings. Therefore, it is not properly before us and we can grant no relief under the provisions of Article 3154. Plaintiffs’ recourse is to seek judicial relief under the provisions of La.C. C.P. art. 3154 at the trial court level.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellants are to pay all costs.
AFFIRMED.

. In 1978, she married Lawrence J. Molony.

. 12.5 It is expressly understood by all appear-ers hereto that upon the completion of the Succession and the final adjustments set forth above, that all interested parties will enter into a partition of the Succession whereby Lee J. Matherne, Jr. and Kenneth L. Matherne will exchange all their rights to Superior Casing Crews, Inc., stock (beneficial or direct) in return for cash from the Succession, if any be due.